| Case No. | CV 18-5403 FMO (Ex) | Date | July 5, 2018 |
|---|---|---|---|
| Title | Olga Ramos v. Northside Hospital, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On June 16, 2018, plaintiff Olga Ramos ("plaintiff") filed a Complaint against defendants Northside Hospital, Inc., Ankle & Foot Centers of North Georgia, Erik Kron, D.P.M., and Sourendra Raut, M.D., (collectively, "defendants"), alleging negligence, negligence per se, lack of informed consent, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and violations of 42 U.S.C. §§ 1981 and 1985(3). (See Dkt. 1, Complaint at ¶¶ 23-68). Plaintiff does not make any allegations as to why the court has personal jurisdiction over defendants. (See, generally, id.). Plaintiff alleges that venue is proper because "Plaintiff resides in County of Los Angeles, State of California and sustained damages for the causes of action at issue in Los Angeles, California." (Id. at ¶ 14).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff does not allege any specific contacts between defendants and the state of California, nor does plaintiff allege how her causes of action arise out of or relate to those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5403 FMO (Ex) | Date | **July 5, 2018** |
|---|---|---|---|
| Title | **Olga Ramos v. Northside Hospital, Inc., et al.** | | |

contacts.  (See, generally, Dkt. 1, Complaint).  Plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this District.  (See, generally, id.).  Indeed, plaintiff's Complaint alleges only that defendants are located in Georgia, (see id. at ¶¶ 2-5), and that all the medical treatment at issue occurred in Georgia, (see id. at ¶¶ 15-22), where she was living at the time.  (See id. at ¶ 22).  Though plaintiff does allege that she was "shipped" to Los Angeles by defendant Northside Hospital "to live with her mother, stepdad, and siblings[,]" (id.), it is not clear how this brings the matter within the ambit of this court.

    Accordingly, IT IS ORDERED THAT:

    1.  If plaintiff still wishes to pursue this action, she is granted until **July 13, 2018**, to file a first amended complaint attempting to cure the deficiencies set forth above.  The first amended complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

    2.  Plaintiff is cautioned that failure to timely file a First Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |